# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| HUMAN POWER OF N, CO. | § | |
| | § | |
| V. | § | NO. 1-17-CV-1065-LY |
| | § | |
| SYNERGIXX, LLC and CHARLIE | § | |
| FUSCO | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Human Power of N, Co.'s Motion to Dismiss Certain Counterclaims (Dkt. No. 11); Synergixx, LLC and Charlie Fusco's Opposition (Dkt. No. 16); and Human Power of N's Reply (Dkt. No. 19). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

## I. BACKGROUND

This is a breach of contract case. Human Power of N alleges that Synergixx, LLC and Charlie Fusco breached an express contract and committed common law fraud. Synergixx is engaged in providing marketing services to business clients, including media buying, campaign management, creating promotional materials, and offering call center services. Human N is a Texas corporation engaged in the design, manufacture, and sale of dietary supplements. Human N contracted with Synergixx to provide marketing services related to its dietary supplements. In addition to denying Human N's affirmative claims, Synergixx has counterclaimed, alleging that Human N breached an express or implied contract, and maliciously interfered with existing and prospective business agreements. Synergixx also brings equitable claims for unjust enrichment,

quantum meruit, and promissory estoppel. Human N moves to dismiss Synergixx's unjust enrichment (Count II), quantum meruit (Count III), promissory estoppel (Count IV), and tortious interference (Count V) claims.

Beginning in or about 2011 and continuing into 2017, Human N contracted with Synergixx to provide marketing services for it, including media buying. Dkt. No. 8 at 9, ¶ 6.[1] Synergixx provided the marketing services as requested and authorized by Human N, which Human N accepted. *Id.* at ¶ 7. The relationship between Human N and Synergixx later soured when Human N blamed Synergixx for positions taken by the Fox News Network in connection with Human N's advertising media. *Id.* at ¶ 9. Human N terminated its contract with Synergixx while it still had an outstanding balance due to Synergixx in excess of $53,000. *Id.* at 9, ¶ 10-11. Human N then acted "maliciously and without justification" to harm Synergixx's relationship with one of its other clients by counseling this client to withhold funds due to Synergixx, and presenting Synergixx's dispute with Human N in a false light to lead this client to believe that Synergixx was engaged in nefarious and fraudulent activities. *Id.* at ¶ 12-13. Human N also allegedly told other prospective Synergixx clients this information in a "malicious and unjustified effort to inflict harm" on Synergixx, resulting in "damages well in excess of $75,000." *Id.* at ¶ 14-15.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations

---

[1] In assessing the motion to dismiss, the Court treats the facts and allegations of Synergixx's Counterclaim (Dkt. No. 8) as true. FED. R. CIV. P. 12(b)(6); *Clemens v. McNamee*, 615 F.3ds 374, 378 (5th Cir. 2010). Accordingly, the facts in the text are stated in the light most favorable light to Synergixx. Although not every allegation in the counterclaim is recounted here, the Court is mindful of its duty to consider the complaint in its entirety and has done so here.

must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P.12(b)(6). In deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008).

While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("mere conclusions[ ] are not entitled to the assumption of truth.") A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. ANALYSIS

As noted, Human N moves to dismiss Counts II-V of Synergixx's Counterclaim—the claims for breach of contract, unjust enrichment, quantum meruit. promissory estoppel, and tortious interference with existing and prospective business relationships. Human N first argues that

3

Defendants' quasi-contract counterclaims (Counts II-IV) should be dismissed because quasi-contract claims may not be brought when an express contract governs the dispute. Human N also argues that each of these claims should be independently dismissed because each is factually deficient under the *Twombly* pleading standard. *See Twombly*, 550 U.S. at 555, 570. Finally, Human N argues that Count V, the claim of tortious interference with existing or prospective business relationships, should also be dismissed, due to a total lack of factual allegations to support that claim.

### A. Quasi-Contract Claims

Synergixx alleges that Human N's actions breached an implied or quasi-contract, and seeks recovery under theories of unjust enrichment, quantum meruit, and promissory estoppel. Synergixx believes that it may bring these quasi-contract claims in the alternative "in the event the express contract is found invalid or otherwise unenforceable." Dkt. No. 17 at 3. It argues that Texas law only precludes *recovery* under quasi-contract theories when there is a breach of contract, but does not preclude seeking alternative relief under both breach of contract and quasi-contract theories. Dkt. No. 17 at 3 (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005)). Synergixx misstates the law. Although claims under theories of express and implied contracts may be brought together in the alternative, alternative pleading of equitable claims is unavailable unless one party disputes the existence of a contract governing the dispute. *Johnson v. Wells Fargo Bank, NA*, 999 F.Supp.2d 919 (N.D. Tex. 2014). Neither Synergixx nor Human N dispute that there is a written contract governing the subject matter of the dispute. *See* Dkt. No. 8 at 9, ¶ 6, 17; Dkt. No. 1.

"[W]hen a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). "Accordingly, when a party claims that it is owed more than the payments called

4

for under a contract, there can be no recovery for unjust enrichment 'if the same subject is covered by [the] express contract.'" *Id.* (*quoting Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 154 (Tex. App.—Texarkana 1988, writ denied)). In its quasi-contract claims, Synergixx alleges only that Human N owed it an outstanding balance due under the express contract governing the dispute. There is no dispute as to the existence of a valid contract governing the subject matter of this dispute, and Synergixx does not allege any additional promises covering subject matter not covered by the express contract. Accordingly, under Texas law, Synergixx's breach of contract counterclaim will stand or fall based solely on the terms of the parties' written agreement. Because an express agreement already governs the subject matter of the implied-contract claims, the implied contract claims must be dismissed. *Fortune*, 52 S.W.3d at 684.[2]

**B.     Tortious Interference with Business Relationships**

"Texas law recognizes two types of tortious-interference claims: one based on interference with existing contracts and one based on interference with a prospective business relationship." *El paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412 (Tex. 2017). In order to state a claim for interference with an existing contract, a party must plead: (1) the existence of a contract subject to interference; (2) willful and intentional interference with that contract; (3) that such interference proximately caused damage; and (4) that the party "incurred actual damage or loss." *Meltzer/Austin Rest. Corp.*, 2013 WL 12093755, at *9. "[T]o establish the element of a willful and intentional act of interference, the plaintiff must produce evidence that the defendant was a more-than-willing participant and knowingly induced one of the contracting parties to breach its obligations under the

---

[2]Because the claims should be dismissed for the reasons stated, the Court need not address whether the quasi-contract claims are otherwise adequately pled.

5

contract. To do so, the plaintiff must present evidence that an obligatory provision of the contract was breached." *Duradil, L.L.C. v. Dynomax Drilling Tools, Inc.*, 516 S.W.3d 147, 167-68 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

In order to state a claim for interfering with a prospective business relationship, a party must show:

> (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result.

*BHL Boresight, Inc. v. Geo-Steering Solutions., Inc.*, No. 2017 WL 8648927, at *10. (S.D. Tex. Mar. 29, 2016), *modified on other grounds on reconsideration*, 2017 WL 1177966 (S.D. Tex. Mar. 29, 2017).

### 1. Tortious Interference with Existing Contract

Synergixx alleges that Human N counseled an unidentified client to withhold an unidentified amount of money due to Synergixx, and that Human N presented its dispute with Synergixx in a "false light" to that unidentified client. Nowhere in its pleading does Synergixx identify the client that Human N allegedly counseled to breach a contract. Further, and most importantly, Synergixx does not allege anywhere that the unnamed client breached its contract with Synergixx, or, if it did so, that it did so because of something Human N did. These are both essential elements of a tortious interference claim. *Duradil*, 516 S.W.3d at 167-68; *Davis v. HydPro, Inc.*, 839 S.W.2d 137, 139 (Tex.App.—Eastland 1992, writ denied) ("A necessary element of the plaintiff's cause of action is a showing that the defendant took an active part in persuading a party to a contract to breach it.");

*John Paul Mitchell Sys. v. Randall's Food Mkts., Inc.*, 17 S.W.3d 721, 731 (Tex. App.—Austin 2000, pet. denied) ("It is necessary that there to be some act of interference or of persuading a party to breach, for example, by offering better terms or other incentives, for tort liability to arise."). Because the complaint contains no such allegations, the Court should grant the motion to dismiss as to this claim.

2. **Tortious Interference with Prospective Business Relationships**

Synergixx's pleading of its interference with prospective business relationship claim is even more vague and problematic. Synergixx merely alleges that "Human N willfully and intentionally interfered with prospective Synergixx clients who were reasonably likely to enter into a business relationship with Synergixx." Dkt. No. 8, at 13, ¶ 46. Synergixx has not alleged: (1) who these prospective clients were; (2) that Synergixx was in talks with these prospective clients to enter into business agreements; (3) that Human N knew of these talks; (4) that "but for" Human N's interference these unidentified prospective clients would have entered into business agreements with Synergixx; (5) that Human N, knowing about these prospective agreements, committed a wrongful act to interfere with such proposed agreements; or (6) what Human N said or did to interfere with prospective business relationships, or how these statements or actions were harmful.

In its opposition of the motion to dismiss, Synergixx argues that Human N engaged in the independently tortious conduct of slander, and that this slander caused Synergixx to be prevented from entering into prospective business relationships. However, as previously stated, Synergixx has failed to allege sufficient facts to make a plausible claim that there were parties with whom it had a reasonable probability of creating a business relationship, and that the unstated slanderous statements did something to interfere with those relationships. In addition, Synergixx did not plead

what the slanderous comments were, to whom they were made, that the comments were false, when and where they were made, or who the speaker was. *See* Dkt. No. 17 at 4-5. These pleadings are plainly insufficient to state a plausible claim of tortious interference.

## IV. RECOMMENDATIONS

In light of the foregoing the undersigned **RECOMMENDS** that the District Judge **GRANT** Plaintiff Human Power of N, Co.'s Motion to Dismiss (Dkt. No. 28) and **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** counts II-V of Synergixx's counterclaim for failure to state a claim.[3]

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

---

[3]The deficiencies of Counts II - IV are not curable by amendment, as the quasi-contract claims are barred as a matter of law. Though the failures of Count V are theoretically curable, Synergixx's response fails to offer any suggestion that it is capable of pleading the type of facts necessary to state a plausible claim of tortious interference. In the final sentence of its response, Synergixx does request leave to amend, however. Because the Report & Recommendation will be subject to objection by Synergixx, if it wishes to have the opportunity to amend the tortious interference claims to attempt to cure the deficiencies noted here, it should make that request—with more factual specificity regarding what it would plead—through an objection, and the district court can review that request in its review of this R&R.

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of July, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　ANDREW W. AUSTIN
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE